Lundberg Stratton, J.,
dissenting.
{¶ 23} The majority concludes that Gallo failed to take reasonable steps to verify that the person who he thought was staring at his client was in fact the judge he accused. I disagree. For the reasons that follow, I dissent from the majority’s decision to publicly reprimand Gallo for his conduct.
{¶ 24} Gallo had been practicing law for less than a year before he was called in to handle the pretrial conference representing Jeffery Rymers. Gallo had never seen or talked to Judge Lucci or his bailiff, had never been in Judge Lucci’s courtroom or chambers, and had never even met the Stafford firm’s own client, Mr. Rymers, until the day in question.
{¶ 25} The man who was mistaken for Judge Lucci had gone into and out of Judge Lucci’s chambers multiple times that morning and had been seen staring *315 in the direction of Gallo and his client, and Mr. Rymers mistakenly confirmed that the man was Judge Lucci. Gallo was aware that Judge Lucci was involved in a relationship with Mr. Rymers’s wife and that she and the Rymerses’ children were living in the judge’s home. It was reasonable for Gallo to believe that his client would recognize Judge Lucci. .
Jonathan E. Coughlan, Disciplinary Counsel, Lori J. Brown, Chief Assistant Disciplinary Counsel, and Karen H. Osmond, for relator.
Law Offices of Brent L. English and Brent L. English, for respondent.
{¶ 26} But Gallo did not rely solely on the identification by his client when he prepared his affidavit accusing the judge. He also relied on the identification made by one of the partners in the Stafford firm, who confirmed that the man described by Gallo was Judge Lucci. In addition, Gallo compared the judge’s official photograph on the Lake County Common Pleas Court website to his memory of the man he had seen in the hallway. In my view, Gallo took reasonable steps to verify the identity of the person in question.
{¶ 27} Further, I would argue that the circumstances in this case are unusual. The more typical situation in these types of cases is that an attorney attacks the integrity of a judge presiding over a case in which the attorney is involved. In this case, this judge was personally involved in the divorce case that Gallo was handling, even to the point of filing a motion to intervene in the proceeding. Thus, it was reasonable for Gallo to make the assumption that his client could identify the man in the hallway. And because the case does involve such unusual facts, it is not a situation that is likely to occur again in the future.
{¶ 28} In my view, Gallo made a simple, good-faith mistake — a mistake that was reasonable, not reckless. Moreover, Gallo immediately moved to withdraw his affidavit when he discovered his mistake, and he left his position with the firm shortly thereafter. I dissent from the majority’s decision to publicly reprimand him. I would dismiss.
O’Donnell, J., concurs in the foregoing dissenting opinion.